BLD-231                                                                    **NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 17-1536
_____

IN RE:  RONNIE VAUGHN,
                                                            Petitioner
_____

On a Petition for Writ of Mandamus from the
United States District Court for the Middle District of Pennsylvania
(Related to D.C. Civ. No. 1-16-cv-01072)
_____

Submitted Pursuant to Rule 21, Fed. R. App. P.
May 11, 2017
Before:  AMBRO, GREENAWAY, JR. and SCIRICA, Circuit Judges

(Opinion filed: July 11, 2017)
_____

OPINION[*]
_____

PER CURIAM

In June of 2016, Ronnie Vaughn filed a 28 U.S.C. § 2241 petition in the District

Court, claiming that his due process rights had been violated at a parole hearing when the

hearing examiner "proceeded forward with the hearing without all of the information that

was submitted to the Parole Commission . . . to score [him] correctly."  He filed an

_____

[*] This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7 does not
constitute binding precedent.

amended petition in December of 2016, claiming that "[t]he United States Parole Commission conducted the hearing in an unconstitutional manner by not applying the 1987 Regulations and 1991 Guidelines to [his] initial hearing." In April of 2017, the District Court denied Vaughn's request for counsel—observing that "it is not clear that the petition has arguable merit"—but has yet to resolve his § 2241 petition.

Meanwhile, in March of 2017, Vaughn filed this mandamus petition, claiming that "[h]ad the parole board properly scored [him] he would have received parole on July 27, 2015." He argues that the District Court's delay in resolving his petition is "tantamount to a failure to exercise jurisdiction," and apparently seeks an order from this Court directing the District Court to resolve it.

While we "may issue a writ of mandamus on the ground that undue delay is tantamount to a failure to exercise jurisdiction," Madden v. Myers, 102 F.3d 74, 79 (3d Cir. 1996), only five months have passed since Vaughn filed his amended § 2241 petition. We also note that the District Court, just weeks ago, denied his request for counsel. Though the five-month delay is concerning, it does not warrant mandamus relief. See id. We are confident that the District Court will rule on his petition without undue delay. His mandamus petition will be denied.